**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINDA GOIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. CIV-21-1050-SLP |
| | § | |
| HARTFORD LIFE & ACCIDENT | § | ***(Removed from the District Court of*** |
| INSURANCE COMPANY, | § | ***Comanche County,*** |
| | § | ***Case No. CJ-2021-332)*** |
| Defendant | § | |

## NOTICE OF REMOVAL

Defendant Hartford Life and Accident Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this action from the District Court of Comanche County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, based on the following:

**I.     Hartford has satisfied the procedural requirements for removal.**

1.     Plaintiff Linda Goin ("Plaintiff") sued Hartford in the District Court of Comanche County, State of Oklahoma, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Ex. 1, First Amended Petition at ¶ 42.

2.     Plaintiff alleges Hartford, "in its capacity as Issuer and Administrator of Plaintiff's Disability Plan," denied her disability benefits "to which Plaintiff is entitled" under an ERISA-governed employee welfare benefit plan "underwritten and administered

by Defendant." Ex. 1, First Amended Petition at ¶¶ 1, 6, 25, 42 (alleging that the plan is governed by ERISA and alleging violations of ERISA provisions).[1]

3.      Hartford was served with the First Amended Petition and Summons on September 28, 2021. Ex. 3, Service of Process Transmittal. Because this Notice of Removal was filed within 30 days after service of the First Amended Petition and Summons upon Hartford, it is timely under 28 U.S.C. § 1446(b).

4.      This district embraces the county in which the state court action was filed, and this Court is therefore a proper venue for this action pursuant to 28 U.S.C. § 116(c). *See also* 28 U.S.C. §§ 1441(a), 1391(b).

5.      Hartford will serve this Notice of Removal on Plaintiff through her counsel and file a copy with the Clerk of the District Court of Comanche County, State of Oklahoma. *See* 28 U.S.C. § 1446(d).

## II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has original jurisdiction over this action under the federal question provision contained in 28 U.S.C. § 1331.

---

[1] Contrary to Plaintiff's allegations, Aetna Life Insurance Company ("ALIC"), not Hartford, is the insurance carrier that issued the disability insurance automobile policy that is incorporated into and forms a part of the employee welfare benefit plan at issue in this action. Plaintiff identifies the policy as "Policy #GP-737-330" and one that Plaintiff is "covered under … by virtue of her employment with Arctic Slope Regional Corporation." Ex. 1, First Amended Petition at ¶ 1 and fn. 1. Group Policy No. GP-737330 was issued by ALIC to policyholder Arctic Slope Regional Corporation. Ex. 2, Group Policy No. GP-737330. Accordingly, ALIC is the proper defendant and removal is appropriate at this time despite the misnomer as the Court had jurisdiction over this matter under 28 U.S.C. § 1331, which exists because Plaintiff and ALIC agree that the policy and employee welfare benefit plan at issue are governed by ERISA and not dependent upon the citizenship of the parties.

7.     It is clear based upon the face of the First Amended Petition that Plaintiff's claims against Hartford are based upon and governed by ERISA. Plaintiff has titled one of her claims against Hartford, "Wrongful Denial of Benefits Under ERISA, 29 U.S.C. § 1132." Ex. 1, First Amended Petition at p. 6; *see also id.* at ¶¶ 6, 25, 42, 44 ("This court has jurisdiction to hear this claim pursuant to 29 U.S.C. §§ 1001, et. seq, (ERISA) and more specifically, § 1132 e (1) [sic];" "Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S..C § 1132;" "Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons;" "By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain an attorney to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. § 1132(g)(1)."). Plaintiff exclusively seeks benefits and relief under ERISA. *See id.* ¶¶ 6, 25, 42, 44; *see also* 29 U.S.C. § 1132(g).

8.     The plan documents at issue in this action, which includes the policy that is incorporated into and forms a part of the employee welfare benefit plan at issue in this action, also show that the plan is governed by ERISA.  Ex. 2, Group Policy No. GP-737330 at pdf page 81 of 84; Ex. 4, Benefit Plan at pdf pages 30-31 of 32; Exhibit 5, Schedule of Benefits at pdf page 1 of 3.

9.     Plaintiff alleges she is a "covered beneficiary" under the ERISA-governed employee welfare benefit plan "to secure disability benefits, to which Plaintiff is entitled" under the plan.  Ex. 1, First Amended Petition ¶¶ 1, 8, 42. As a civil action by a

beneficiary to recover benefits under an ERISA plan, Plaintiff's suit is governed by 29 U.S.C. § 1132(a)(1)(B), which provides an exclusive federal cause of action for resolution of such disputes.  Therefore, this case is removable under 28 U.S.C. § 1441(b), *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), and the doctrine of complete preemption.

10.    Plaintiff also alleges Hartford "wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA" and then enumerated the ERISA provisions that were violated.  *See* Ex. 1, First Amended Petition at ¶ 42 ("Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons … Defendant failed to provide a full and fair review as required by law by virtue of its failure to provide complete information to its medical reviewers, failing to provide Plaintiff copies of its claims/appeal guidelines as repeatedly requested, and ignoring and/or discounting overwhelming evidence of disability."). The ERISA provisions are provided by and governed by ERISA, and Hartford's alleged liabilities for alleged violation of those duties are of those duties are governed exclusively by 29 U.S.C. § 1132(a)(2).  The state court lacks subject matter jurisdiction over that claim because exclusive federal jurisdiction exists under 29 U.S.C. § 1132(e)(1).

11.    Accordingly, this Court has original and removal jurisdiction.

12.    Copies of all documents filed in this case and all process, summons, pleadings, orders, and documents filed or served in the case, along with a docket sheet of the state court action, are attached to this Notice of Removal as Exhibits 1 (First

Amended Petition) and 6-7 (Summons and Docket Sheet),[2] in accordance with 28 U.S.C. § 1446(b) and LCvR 81.2.  Hartford is not aware of any motions pending in the District Court of Comanche County, State of Oklahoma.

13.     Hartford reserves all defenses, including, without limitation, those set forth in FED. R. CIV. P. 12(b). Hartford will file a responsive pleading in the time frame permitted under FED. R. CIV. P. 81(c)(2), or as further extended by the Court.

14.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this action from the District Court of Comanche County, State of Oklahoma to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and invokes this Court's jurisdiction.

Respectfully submitted this 27th day of October, 2021.

Respectfully submitted,

---

[2] Hartford was not served with a copy of the Original Petition and a copy is not available for download from the online docket hosted by the Oklahoma Supreme Court Network.

_s/ Anna Imose Wolfe_
Anna Imose Wolfe, OBA # 32021
McAfee & Taft A Professional Corporation
Williams Tower II
Two West 2nd Street, Suite 1100
Tulsa OK  74103
Telephone: (918) 587-0000
Facsimile: (918) 599-9317
Email:  anna.wolfe@mcafeetaft.com

**_Attorney for Defendant Hartford Life and Accident Insurance Company_**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of October, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Roy S. Dickinson
1408 Winding Ridge Rd.
Norman, OK 73072
roy.d@coxinet.net

**ATTORNEYS FOR PLAINTIFF**

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 28th day of October, 2021, to:

Roy S. Dickinson
1408 Winding Ridge Rd.
Norman, OK 73072
roy.d@coxinet.net

*s/ Anna Imose Wolfe*
Anna Imose Wolfe