IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

LINDA GOIN,                                    )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )
                                               )          Case No. CJ 21-332
                                               )
HARTFORD LIFE & ACCIDENT                       )
INSURANCE COMPANY,                             )
                                               )
            Defendant.                         )

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

SEP 2 0 2021

By_____
            Deputy

## PLAINTIFF'S FIRST AMENDED PETITION

## PRELIMINARY STATEMENT

1.    Plaintiff LINDA GOIN, hereinafter referred to as "Plaintiff," brings this ERISA action against HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, (hereinafter referred to as "Defendant") in its capacity as Issuer and Administrator of Plaintiff's Disability Plan. Plaintiff brings this action to secure her disability benefits, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant[1].  Plaintiff is covered under the policy by virtue of her employment with Artic Slope Regional Corporation (not a party).

## PARTIES

2.    Plaintiff is a citizen and resident of Comanche County, Oklahoma.

3.    Defendant is a properly organized business entity doing business in the State of Oklahoma.

4.    The disability plan was issued and administered by Defendant.

---

[1] Policy #GP-737-330; Claim # 16165848.

**EXHIBIT**

**1**

5.     Defendant is a business entity doing business in Oklahoma.

**JURISDICTION AND VENUE**

6.     This court has jurisdiction to hear this claim pursuant to 29 U.S.C. §§ 1001, et. seq, (ERISA) and more specifically, §1132 e (1).

7.     Venue is proper by virtue of Defendant doing business in Oklahoma in this county.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8.     Plaintiff is a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.

9.     The disability policy at issue was obtained by Plaintiff by virtue of her employment at the time of onset of disability.

10.     Under the terms of the policy, Defendant administered claims under the Plan and retained the sole authority to grant or deny benefits to applicants.

11.     Defendant funds the Plan benefits.

12.     Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13.     Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

14.     Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the

2

Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15.    Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16.    Plaintiff became disabled as defined by the Plan on January 25. 2017.

17.    Plaintiff timely filed for disability benefits with Defendant.

18.    Defendant approved Plaintiff's claim for disability benefits under the Plan; paying short tern benefits in full, and paying ling term benefits through June 23, 2020.

19.    At the time Defendant denied Plaintiff disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to work at any reasonable occupation.

20.    If the benefit claim were granted, the Plan would pay a monthly benefit.

21.     Plaintiff timely pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

22.    Plaintiff timely perfected her administrative appeal pursuant to the Plan; Plaintiff submitted additional information including medical records to show that she was totally disabled as defined by the Plan, this information consisted of medical records, disability statements; a determination of disability and award of benefits from the Social Security Administration, and other information, all of which proved that Plaintiff was disabled.

3

23.     Defendant affirmed its original decision to deny Plaintiff's claim for disability benefits.

24.     Defendant, in its final denial of Plaintiff's administrative appeal, discounted the opinions of Plaintiff's treating physicians, among others, and the documented disabling limitations from which Plaintiff suffers.

25.     Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**MEDICAL FACTS**

26.     Plaintiff suffers from multiple medical conditions resulting in both exertional and non-exertional impairments.

27.     At all operative times, Plaintiff suffered from this, and other conditions: nerve damage secondary to a Sigmoid colectomy (removal of part of the colon) which caused nerve damage with radicular pain down her leg resulting in weakness and pain and consequent diminished use, degenerative disc disease, with radiculopathy and spinal stenosis, migraines, cardiovascular disease, osteoarthritis of the right knee, trigger finger, pulmonary hypertension, carpal tunnel syndrome in both wrists and Meralgia Paresthetica.

28.     Plaintiff's multiple disorders resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and significantly curtailed her ability to engage in any form of exertional activity.

29.     Further, Plaintiff's physical impairments have resulted in chronic pain,

4

fatigue and discomfort.

30.     Plaintiff's treating physicians documented these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

31.     The aforementioned impairments and their symptoms precluded Plaintiff's performance of her work activities on a consistent basis.

32.     As such, Plaintiff was disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

33.     However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**DEFENDANT'S CONFLICT OF INTEREST**

34.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

35.     Defendant's determination was influenced by its conflict of interest.

36.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

37.     The long-term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

38.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

39.     Defendant provided incomplete information regarding plaintiff's disabling conditions to its medical reviewers, leaving their opinions (the principal basis upon which Defendant's denial is based) fatally flawed due to incomplete information.

40.     More information promotes accurate claims assessment; moreover Defendant's deliberate decision to limit information provided to its medical reviews denied Plaintiff his legal right to be given a full and fair review of her administrative appeal.

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

41.     Plaintiff incorporates those allegations contained in paragraphs 1 through 59 as though set forth at length herein.

42.     Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.      Plaintiff was totally disabled, in that she could not perform the material duties of her own occupation;

b.      Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.      Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d.      Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff;

6

e.     Defendant failed to provide Plaintiff a full and fair review as required by law by virtue of its failure to provide complete information to its medical reviewers, failing to provide Plaintiff copies of its claims/appeal guidelines as repeatedly requested, and ignoring and/or discounting overwhelming evidence of disability.

## COUNT II: ATTORNEY FEES AND COSTS

43.     Plaintiff repeats and realleges the allegations of the preceding paragraphs.

44.     By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain an attorney to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.     Grant Plaintiff declaratory relief, finding that she is entitled to all past due disability benefits yet unpaid;

B.     Order Defendant to pay past (accrued) disability benefits in the monthly amount specified in the, plus pre-judgment interest;

C.     Alternatively, Order Defendant to remand claim for future administrative review;

D.     Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to 29 U.S.C. § 1132(g); and

7

E.    For such other relief as may be deemed just and proper by the Court.

Respectfully Submitted,

Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 973-2204 (fax)
Roy.d@coxinet.net

8