**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

LINDA GOIN,                                     )
                                                )
          **Plaintiff,**          )
                                                )
v.                                              )
                                                )     **Case No. CIV-2021-01050 SLP**
HARTFORD LIFE & ACCIDENT       )
INSURANCE COMPANY, AND         )
AETNA LIFE INSURANCE           )
COMPANY,                       )
                                                )
                                                )
          **Defendants.**         )

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, pursuant to Fed. R. Civ. P. 15(a)(2), and with written consent of counsel for Defendant Hartford, submits her amended complaint.

## PRELIMINARY STATEMENT

1.    Plaintiff LINDA GOIN, hereinafter referred to as "Plaintiff," brings this ERISA action against Aetna Life Insurance Company in its fiduciary capacity as Issuer and Administrator of Plaintiff's Disability Plan and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY in its co-fiduciary capacity as Administrator of Plaintiff's Disability Plan. Plaintiff brings this action to secure her disability benefits, to which she is entitled under a disability insurance policy underwritten and administered by Defendants[1].  Plaintiff is covered under the policy by virtue of her employment with Artic Slope Regional Corporation (not a party).

---

[1] Policy #GP-737-330; Claim # 16165848.

Upon information and belief, some time in 2017, during the pendency of the claim at issue, Aetna designated Hartford as its attorney-in-fact for purposes of administering this Plan. Both Defendants have been involved in claim handling and benefit determinations regarding Plaintiff's claim.

## PARTIES

2.      Plaintiff is a citizen and resident of Comanche County, Oklahoma.

3.      Defendants are properly organized business entities doing business in the State of Oklahoma.

4.      The disability plan was issued and/or administered by Defendants.

## JURISDICTION AND VENUE

5.      This court has jurisdiction to hear this claim pursuant to 29 U.S.C. §§ 1001, et. seq, (ERISA) and more specifically, §1132 e (1).

6.      Venue is proper by virtue of Defendants doing business in Oklahoma in this judicial district.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

7.      Plaintiff is a covered beneficiary under a group disability benefits policy issued and/or administered by Defendants at all times relevant to this action.

8.      The disability policy at issue was obtained by Plaintiff by virtue of her employment at the time of onset of disability.

9.      Under the terms of the policy, Defendants administered claims under the Plan and retained the sole authority to grant or deny benefits to beneficiaries.

10.     Defendant Aetna funds the Plan benefits.

11.     Because the Defendant Aetna both funds the Plan benefits and retains the sole authority to grant or deny benefits, Aetna has an inherent conflict of interest; this conflict is imputed to Hartford by virtue of its status as attorney-in-fact and or designee of Aetna's fiduciary duties of claims administration.

12.     Because of the conflict of interest described above, this Court should consider Defendants' decision to deny disability benefits as an important factor during its review in determining the propriety of Defendants' denial of Plaintiff's benefits.

13.     Further, in order for an Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

14.     Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

15.     Plaintiff became disabled as defined by the Plan on January 25, 2017.

16.     Plaintiff timely filed for disability benefits with Defendant.

17.     Defendants approved Plaintiff's claim for disability benefits under the Plan; paying short term benefits in full, and paying long term benefits through June 23, 2020.

18.     At the time Defendants denied Plaintiff disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to work at any reasonable occupation.

19.    If the benefit claim were granted, the Plan would pay a monthly benefit.

20.    Plaintiff timely pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.    Plaintiff timely perfected her administrative appeal pursuant to the Plan; Plaintiff submitted additional information including medical records to show that she was totally disabled as defined by the Plan, this information consisted of medical records, disability statements; a determination of disability and award of benefits from the Social Security Administration, and other information, all of which proved that Plaintiff was disabled.

22.    Defendants affirmed the original decision to deny Plaintiff's claim for disability benefits.

23.    Defendants, in the final denial of Plaintiff's administrative appeal, discounted the opinions of Plaintiff's treating physicians, among others, and the documented disabling limitations from which Plaintiff suffers.

24.    Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**MEDICAL FACTS**

25.    Plaintiff suffers from multiple medical conditions resulting in both exertional and non-exertional impairments.

26.    At all operative times, Plaintiff suffered from this, and other conditions: nerve damage secondary to a Sigmoid colectomy (removal of part of the colon) which

4

caused nerve damage with radicular pain down her leg resulting in weakness and pain and consequent diminished use, degenerative disc disease, with radiculopathy and spinal stenosis,  migraines, cardiovascular disease, osteoarthritis of the right knee, trigger finger, pulmonary hypertension, carpal tunnel syndrome in both wrists and Meralgia Paresthetica.

27.     Plaintiff's multiple disorders resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and significantly curtailed her ability to engage in any form of exertional activity.

28.     Further, Plaintiff's physical impairments have resulted in chronic pain, fatigue and discomfort.

29.     Plaintiff's treating physicians documented these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

30.     The aforementioned impairments and their symptoms precluded Plaintiff's performance of her work activities on a consistent basis.

31.     Plaintiff was determined to be totally disabled by the Social Security Administration before Defendants' adverse benefit determination, and Defendants were fully aware of this fact.

32.     As such, Plaintiff is disabled per the terms of the Plan.

**DEFENDANT'S CONFLICT OF INTEREST**

33.     At all relevant times, Defendants operated under an inherent and structural

conflict of interest.

34.     Defendants' adverse benefit determinations were influenced by this conflict of interest.

35.     Defendants failed to take active steps to reduce potential bias and to promote accuracy of their benefit determinations.

36.     The long-term disability Plan gave Defendants the right to have Plaintiff submit to a physical examination at the appeal level.

37.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

38.     Defendants provided incomplete information regarding plaintiff's disabling conditions to their medical reviewers, leaving the medical reviewers' opinions (the principal basis upon which Defendants' denial is based) fatally flawed due to incomplete information.

39.     More information promotes accurate claims assessment; moreover Defendants' decision to limit (or their failure to provide) complete information to the medical reviewers denied Plaintiff a full and fair review of her administrative appeal.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

40.     Defendants have wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.     Plaintiff was totally disabled, in that she could not perform the material duties of her own occupation;

6

b.      Defendants failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.      Defendants' interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d.      Defendants has violated their contractual obligation to furnish disability benefits to Plaintiff;

e.      Defendants failed to provide Plaintiff a full and fair review as required by law by virtue of its failure to provide complete information to its medical reviewers, failing to provide Plaintiff copies of its claims/appeal guidelines as repeatedly requested, and ignoring and/or discounting overwhelming evidence of disability.

## COUNT II:  ATTORNEY FEES AND COSTS

41.      By reason of the Defendants' failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain an attorney to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.      Grant Plaintiff declaratory relief, finding that she is entitled to all past due disability benefits yet unpaid;

B.       Order Defendants to pay past (accrued) disability benefits in the monthly amount specified in the, plus pre-judgment interest;

C.       Alternatively, Order Defendants to remand claim for future administrative review;

D.       Order Defendants to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to 29 U.S.C. § 1132(g); and

E.       For such other relief as may be deemed just and proper by the Court.

Respectfully Submitted,


/s/ Roy Dickinson
Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 973-2204 (fax)
Roy.d@coxinet.net


I hereby certify that on January 21, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants of record, including:

Anna Imose Wolfe, Esq.
McAfee & Taft
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa, OK 74103


/s/ Roy Dickinson

Roy S. Dickinson